Daniel F. Flores
Marie Polito Hofsdal
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
150 E. 42nd Street
New York, NY 10017-5639
Telephone:    (212) 490-3000
Facsimile:    (212) 490-3038

Attorneys for Plaintiff, Bank of America, N.A.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
BANK OF AMERICA, N.A.,

                  Plaintiff,

-against-

ASESD, LLC, NORMAN KAISH and
LEONARD TAUB,

                  Defendants.
------------------------------------------------------x

Case No.: 11-cv-5023-RMB

**VERIFIED COMPLAINT**

Plaintiff, Bank of America, N.A., successor by merger to United States Trust Company, N.A. ("**BofA**"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its Verified Complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is diversity between the parties.

2.  Venue is proper pursuant to 28 U.S.C. § 1391(a) in that at least one of the defendants resides in the Southern District of New York, a substantial part of the events giving rise to the claims occurred in the Southern District of New York and a substantial part of the property that is the subject of the action is situated in the Southern District of New York.

## PARTIES

3. BofA is, and at all times hereinafter mentioned was, a national banking association chartered under the laws of the United States with a main office and principal place of business located in Charlotte, North Carolina, and as such, is a citizen of the State of North Carolina for diversity jurisdiction purposes.

4. By reason of BofA's purchase and acquisition of, and subsequent merger with United States Trust Company, N.A. ("**U.S. Trust**"), BofA succeeded to all right, title and interest of U.S. Trust effective as of February 22, 2008. A copy of (i) a BofA Assistant Secretary's Certificate dated June 10, 2011 which annexes a true and correct copy of the official certification of the merger issued by the Comptroller of the Currency, Administrator of National Banks, dated February 19, 2008, and (ii) a copy of the United States Federal Reserve System National Information Center Institution History for U.S. Trust, each of which reflects BofA's acquisition of U.S. Trust, are annexed hereto as Exhibit "A." As a result of said merger, BofA became and is now the owner and holder of all of the loan documents that are the subject of this action and further described below.

5. Upon information and belief, ASESD, LLC ("**ASESD**") is a New York limited liability company, with a principal place of business located in New York County at 319 Lafayette Street, Suite 255, New York, New York 10012.

6. Upon information and belief, defendant Norman Kaish ("**Kaish**") is and was at all relevant times an individual and citizen of the State of New York, residing in the County of Nassau and State of New York, with a primary residence located at 389 Plymouth Street, West Hempstead, New York 11552.

7. Upon information and belief, defendant Leonard Taub ("**Taub**") is and was at all relevant times an individual and citizen of the State of New York, residing in the County of

Nassau and State of New York, with a primary residence located at 5 Tall Oak Court, Oyster Bay Cove, New York 11771.

## FACTUAL ALLEGATIONS

**THE LOAN DOCUMENTS**

8. On or about December 11, 2006, US Trust extended a term loan facility to ASESD in the amount of $1,518,000.00, with interest thereon (the "**Term Loan**"), which is evidenced by that certain Amended and Restated Promissory Note (as amended, modified, supplemented or extended, the "**Term Note**") executed by ASESD in favor of US Trust dated December 11, 2006. A true and correct copy of the Term Note is annexed hereto as Exhibit "B" and is hereby incorporated by reference.

9. BofA is the current owner and holder of the Term Note.

10. On or about December 11, 2006, as collateral and security for the payment of the indebtedness due to US Trust under the terms of the Term Loan, ASESD executed in favor of BofA a certain Extension and Modification Agreement dated December 11, 2006 (the "CEMA"), which, *inter alia*, extended and modified two existing mortgages previously assigned to US Trust (collectively, the "**Consolidated Mortgages**") so as to form a consolidated first priority mortgage lien in the amount of $1,518,000.00 on the certain real property known as 154-162 Attorney Street, Unit 301, New York, New York a/k/a Section 2, Block 345, Lot 1012 in the Borough of Manhattan and in the City, County, and State of New York, with appurtenances thereto and improvements thereon, and also certain real property known as 154-162 Attorney Street, Unit 602, New York, New York, a/k/a Section 2, Block 345, Lot 1028 in the Borough of Manhattan and in the City, County and State of New York, with appurtenances thereto and improvements thereon (collectively, the "**Mortgaged Premises**") in the amount of

$1,518,000.00. A true and correct copy of the CEMA is annexed hereto as Exhibit "C" and is hereby incorporated by reference.

11. The CEMA governs the terms and conditions of the Term Loan.

12. BofA is the current owner and holder of the CEMA.[1]

13. On or about December 11, 2006, Kaish and Taub each executed a Commercial Guaranty (collectively, the "**Guaranties**") in favor of US Trust, pursuant to which they jointly and severally, absolutely and unconditionally guaranteed to BofA the full and punctual payment and satisfaction of the Term Loan indebtedness and the performance and discharge of all of ASESD's obligations under the Term Note and related documents. True and correct copies of the Guaranties are annexed hereto collectively as Exhibit "F" and are hereby incorporated by reference.

14. BofA is the current owner and holder of the Guaranties.

**THE DEFAULTS**

15. ASESD failed to make interest payments due under Term Loan on June 1, 2009 through April 1, 2010, constituting an event of default under the Term Loan.

16. By letter dated April 16, 2010, BofA provided ASESD notice of the defaults on the Term Loan and the opportunity to cure said defaults. A true and correct copy of the April 16, 2010 letter is annexed hereto as Exhibit "G" and is hereby incorporated by reference.

17. Despite notice of the defaults on the Term Loan and the opportunity to cure, ASESD failed to make payment on the outstanding indebtedness due on the Term Loan.

---

[1] On or about December 11, 2006, the Consolidated Mortgages and CEMA were assigned by US Trust to UST Mortgage Company ("**UST Mortgage Co.**") by, *inter alia,* Assignment of Mortgage dated December 11, 2006 and recorded on February 6, 2007 in the Office of the City Register of the City of New York as CRFN 2007000068892. A true and correct copy of the Assignment of Mortgage is annexed hereto as Exhibit "D" and is hereby incorporated by reference. Thereafter in or about May 25, 2007, UST Mortgage Co. merged into US Trust. As reference above, US Trust merged into BofA thereafter. BofA is therefore the successor by merger to UST Mortgage Co. and US Trust and the holder of the Consolidated Mortgages and the CEMA. Copies of the United States Federal Reserve System National Information Center Institution History for UST Mortgage Co. is annexed hereto as Exhibit "E".

18. By letter dated July 2, 2010, BofA accelerated the entire Term Loan indebtedness, and despite due demand for payment of the Term Loan indebtedness, no part of the indebtedness was paid. A true and correct copy of the July 2, 2010 letter is annexed hereto as Exhibit "H" and is hereby incorporated by reference.

19. After extensive negotiations over a period of at least 6 months, BofA granted ASESD permission to sell the Mortgaged Premises, subject to BofA's right to certain of the sale proceeds and BofA's reservation of rights to collect any deficiency balance remaining on the Term Loan indebtedness from the defendants.

20. On or about January 10, 2011 and January 11, 2011, ASESD sold the Mortgaged Premises for an aggregate amount of $1,604,000.00 (the "**Sale Proceeds**"). True and correct copies of the Deeds for the sales of the Mortgaged Premises are annexed hereto collectively as Exhibit "I" and are incorporated herein by reference.

21. ASESD turned over to BofA $1,305,870.34 of the Sale Proceeds as payment towards the outstanding Term Loan Indebtedness.

22. By letter dated February 23, 2011, BofA demanded from defendants payment of the deficiency balance, the amount remaining due on the Term Loan indebtedness after application of the $1,305,870.34 in Sale Proceeds, and provided the defendants with thirty (30) days to pay to BofA said deficiency balance. A true and correct copy of the February 23, 2011 letter is annexed hereto as Exhibit "J" and is hereby incorporated by reference.

23. Despite notice of the deficiency balance and the opportunity to pay the same to BofA, the defendants failed to make payment on the outstanding indebtedness due on the Term Loan.

24. As of July 12, 2011, BofA is owed the principal balance due and owing under the terms of the Term Note in the amount of $211,351.40 and accrued interest and default rate

interest in the amount of $160,763.62, plus accruing interest and default rate interest, late charges, attorneys' fees and costs and all other amounts due under the terms of the Term Note (the "**Deficiency Balance**").

25.   BofA shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of any payments made after the date of commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

26.   Plaintiff refers to and realleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

27.   ASESD default under the terms of the Term Note and the CEMA by *inter alia*, failing to repay the Term Loan indebtedness upon default and demand.

28.   ASESD defaulted under the terms of the Term Note and the CEMA by, *inter alia*, failing to repay the Deficiency Balance upon demand.

29.   As a result of these events of default, BofA is entitled to immediate payment in full of all sums due under the Term Note and the CEMA.

30.   BofA has performed all of its obligations under the Term Note and the CEMA.

31.   The Term Note and the CEMA provide that in the event of a default thereunder, ASESD would be liable for default interest at a rate of 8.0% and all legal fees, costs and expenses incurred by BofA in connection with its enforcement of its remedies against ASESD.

32.   The Deficiency Balance is presently due and owing to BofA pursuant to the Term Note, which as of July 12, 2011, is the principal sum of $211,351.40, plus accrued interest and default rate interest in the amount of $160,763.62, plus accruing interest and default rate interest,

late charges, contractual costs, attorneys' fees and all other charges due to BofA under the applicable loan documents.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Guaranty)

33. Plaintiff refers to and realleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

34. As set forth above, ASESD has defaulted under the Term Note and the CEMA by failing to make payment to BofA when due, including payment of the Deficiency Balance.

35. As a result of ASESD's defaults, Taub and Kaish are jointly and severally liable pursuant to the terms of their respective Guaranties for all sums due and owing from ASESD to BofA, but Taub and Kaish have failed to make payment to BofA, despite their obligations to do so.

36. BofA reasonably relied upon the Guaranties in advancing sums to ASESD pursuant to the Term Note and the CEMA.

37. Pursuant to the terms of the Guaranties, Taub and Kaish are each liable to BofA for BofA's costs and expenses, including attorneys' fees and expenses, incurred in connection with the enforcement of the Guaranties.

38. BofA has performed all terms and conditions precedent on its part to be performed pursuant to the terms of the Guaranties.

39. Accordingly, as of July 12, 2011, Taub and Kaish are jointly and severally liable to BofA in the aggregate principal amount of $211,351.40, plus accrued interest and default rate interest in the amount of $160,763.62, plus accruing interest and default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to BofA.

**WHEREFORE,** plaintiff Bank of America, N.A. respectfully demands judgment against defendants ASESD, LLC, Norman Kaish and Leonard Taub as follows:

(a) On the First Cause of Action for Breach of Contract against defendant ASESD, LLC, awarding to BofA the principal sum of $211,351.40, plus accrued and accruing interest and default rate interest (which as of July 12, 2011 is the total amount of $160,763.62), late charges, contractual costs, attorneys' fees and all other charges due to BofA;

(b) On the Second Cause of Action Breach of Guaranty against defendants Norman Kaish and Leonard Taub, jointly and severally, awarding to BofA the principal sum of $211,351.40 plus accrued and accruing interest and default rate interest (which as of July 12, 2011 is the total amount of $160,763.62), late charges, contractual costs, attorneys' fees and all other charges due to BofA;

(c) Awarding to BofA such other and further relief which as to this Court may seem just and proper.

Dated: New York, New York
July 14, 2011

          WILSON, ELSER, MOSKOWITZ,
          EDELMAN & DICKER LLP

By: /s/ Marie Polito Hofsdal
DANIEL F. FLORES
MARIE POLITO HOFSDAL
150 E 42nd Street
New York, NY 10017
212-490-3000
Attorneys for Plaintiff

## VERIFYING AFFIDAVIT

STATE OF CONNECTICUT  )
                                        ) ss.
COUNTY OF HARTFORD     )

      CHRISTINE VENTURO, of full age, being duly sworn, upon her oath, deposes and says:

1. I am a Assistant Vice President of Bank of America, N.A., Plaintiff in this action. I am in charge of the loan to Defendant ASESD, LLC and fully familiar with the facts of this case.

2. I have read the foregoing Verified Complaint and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Verified Complaint are true based on my personal knowledge, from public records, the records of Plaintiff or information provided to Plaintiff by members and employees of defendant ASESD, LLC or by defendants Norman Kaish and Leonard Taub.

_____
CHRISTINE VENTURO

Sworn and subscribed to before
me this  14  day of July, 2011

_____
NOTARY PUBLIC

LAURA M MULVEHILL
Notary Public, State of Connecticut
My Commission Expires Mar. 31, 2015

1217947v.1